a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUCIO S. GUTIERREZ, Plaintiff | CIVIL DOCKET NO. 1:19-CV-01207-P |
| VERSUS | JUDGE DRELL |
| RAUL MALDONADO, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by *pro se* Plaintiff Lucio S. Gutierrez ("Gutierrez") (#31163-079) pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1]. Gutierrez is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Beaumont, Texas. Gutierrez alleges that Defendants failed to protect him from an attack by another inmate.

Because Gutierrez's Complaint (ECF No. 1) is untimely, it should be DENIED and DISMISSED with prejudice.

I. **Background**

Gutierrez alleges that on September 8, 2017, while housed at the United Sates Penitentiary in Pollock, Louisiana, he was stabbed by four other inmates. ECF No. 12 at 3, 6. Gutierrez alleges that Defendant White "pulled out sensitive paperwork"

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

from Gutierrez's file stamped "Confidential" and "FOI" from a Freedom of Information request. ECF No. 12 at 3. Gutierrez alleges that another inmate saw the stamps and assumed they meant that Gutierrez was a confidential informant. *See id.* Gutierrez concludes that the inmates attacked him due to their belief that he was an informant. *See id.*

## II. Law and Analysis

### A. Gutierrez's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Gutierrez is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 22. As a prisoner seeking redress from an officer or employee of a governmental entity, Gutierrez's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Gutierrez's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A

complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

    B.    <u>Gutierrez's Complaint is untimely.</u>

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a *Bivens* action is borrowed from state law. *See Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. *See* La. Civ. Code Ann. art. 3492; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a *Bivens* cause of action accrues. *United Klans of America v. McGovern*, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a

3

reasonable person to investigate further." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Gutierrez was aware of the alleged failure to protect on the date of the incident – September 8, 2017. ECF No. 12 at 6. His claim accrued on that date, and Gutierrez had one year from then to file his Complaint under *Bivens*. Gutierrez alleges that he submitted his Complaint (ECF No. 1) to prison officials for filing on September 9, 2019—one year after the expiration of the statute of limitations.

Although tolling may apply to cases filed under *Bivens* for the time spent properly exhausting BOP administrative remedies, *see Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002), Gutierrez admits that he did not pursue administrative remedies. ECF No. 12 at 2. Thus Gutierrez cannot show that he is entitled to tolling of the prescriptive period.

### III. Conclusion

Because the Complaint was filed after the expiration of the statute of limitations, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 10th day of July 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE